Joseph Life, J.
This is a special proceeding by a judgment creditor for an order directing the Meadow Brook National Bank, as garnishee, to pay over money on deposit to the credit of the judgment debtor. The application is resisted by a competing judgment creditor who asserts priority to the fund by reason of having served a restraining notice on the bank.
*822 Subdivision (a) of 5202 CPLB provides that once the judgment creditor has delivered an execution to the Sheriff, his rights in a debt owed to the judgment debtor or in an interest of the judgment debtor in personal property against which debt or property the judgment may be enforced, are superior to the extent of the amount of the execution to the rights of any transferee of the debt or property, with two exceptions. These are, firstly, where the transferee acquired the debt or property for fair consideration before it was levied upon; or secondly, where the transferee acquired a debt or personal property not capable of delivery for fair consideration after it was levied upon and without knowledge of the levy. The resisting judgment creditor served a restraining notice pursuant to 5222 CPLB. Thereby, the bank was ‘ ‘ forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt, to any person other than the sheriff, except upon direction of the sheriff or pursuant to an order of the court ”. (CPLB 5222, subd. [b].)
Clearly, therefore, the rights of the petitioner, which has issued an execution to the Sheriff of Nassau County, cannot he defeated by the prior issuance of a restraining notice. No lien is gained by the service of a restraining notice. The creditor who issues execution on his judgment is entitled to priority over nonexecnting creditors unless they have obtained an order for the delivery or payment of a debt owed to the judgment debtor or have secured the appointment of a receiver. The petition is granted.